UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ADAMS,

    Petitioner,

v.

HEIDI L. WASHINGTON, Director, and
CONNIE HORTON, Warden,

    Respondents.

Case No. 2:20-cv-11531
Honorable Laurie J. Michelson

**ORDER TRANSFERRING CASE TO WESTERN DISTRICT OF MICHIGAN**

Petitioner Terry Adams, a state prisoner incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se habeas corpus petition under 28 U.S.C. § 2241 and an emergency motion for a preliminary injunction and temporary restraining order. (ECF Nos. 1 and 2.) Adams previously challenged the validity of his Oakland Circuit Court conviction in this court under 28 U.S.C. § 2254, but that petition was denied. *See Williams v. Brewer*, Case No. 2:15-cv-11209. According to Adams, his present case "is not attac[k]ing the conviction, only the current imminent danger of the corona virus that's killing prisoners at an alarming rate throughout the Michigan prison system with no end in sight." (ECF No. 1, Page.ID.1.)

A state prisoner in a state that has two or more federal judicial districts may file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced. *See* 28 U.S.C. § 2241(d). The district having custody of the prisoner and the district where the prisoner was convicted and sentenced have concurrent jurisdiction to entertain the application. *Id.*

1

The district court where the petition was filed may, "in the exercise of its discretion and in furtherance of justice, transfer the application to the other district court for a hearing and determination." *Id*.; see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Here, although Adams was convicted by a state court within the Eastern District of Michigan, his current petition for writ of habeas corpus is not attacking his conviction. Instead, his petition and motions are solely focused on challenging the conditions of his confinement due to the spread of COVID-19 at his place of confinement in Chippewa County, which is within the geographical confines of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Also, Adams names as Respondents the Warden of his facility and MDOC Director Heidi L. Washington, both of whom are located in the Western District of Michigan.

Because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the interests of justice are furthered by a transfer of the case to the Western District. *See* 28 U.S.C. § 2241(d); *see also Hulvey v. Curtin*, No. 2:09-CV-14259, 2010 WL 3609488, at *1 (E.D. Mich. Sept. 14, 2010).

Accordingly, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). Given the time-sensitivity of Adams' claims, the Court directs the Clerk to effectuate the transfer as soon as possible.

Dated: June 25, 2020

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE